A. Louis Dorny (CA 212054)
ldorny@tesla.com
Terry W. Ahearn (CA 216543)
tahearn@tesla.com
Alex Hanna (*pro hac vice*)
alehanna@tesla.com
CA Reg. In-House Counsel
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: 510-298-8516

Attorneys for Plaintiff
TESLA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TESLA, INC., <br><br> Plaintiff, <br><br> v. <br><br> N&B MOBILITY SOLUTIONS LLC d/b/a NIVION, <br><br> Defendant. | Case No. 3:24-cv-07785 <br><br> **STIPULATED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL OF THE ACTION WITH PREJUDICE BY AGREEMENT BETWEEN PLAINTIFF TESLA, INC. AND DEFENDANT N&B MOBILITY SOLUTIONS LLC d/b/a NIVION,** <br><br> The Honorable Susan Illston |

Plaintiff, Tesla, Inc. ("Plaintiff" or "Tesla") and Defendant N&B Mobility Solutions LLC d/b/a Nivion ("Nivion" or "Defendant") stipulate as follows:

1.  On November 7, 2024, Plaintiff filed a Complaint against N&B Mobility Solutions LLC d/b/a Nivion for, Federal Trademark Infringement [15 U.S.C. § 1125(a)(1)(B)], Federal Trademark Dilution [15 U.S.C. § 1125(c)], California False Advertising [Cal. Bus. & Prof. Code § 17500 *et seq.*], and California Unfair Competition [Cal. Bus. & Prof. Code § 17200 *et seq.*].

2.      Authorized agent Mr. Mohammed Nadim acknowledges that N&B Mobility Solutions LLC is a corporate entity which markets and sells the Nivion Charging Adapter and which product is the subject of this action and is authorized to bind Defendant to this agreement.

3.      Nivion will, within fourteen (14) days of this filing (*i.e.*, by December 19, 2024), initiate a recall with the United States National Highway Traffic Safety Administration recalling certain Nivion Tesla Charger (NACS) to Combined Charging System (CCS) adapters with part number "_NSP01___." Nivion also will take all reasonable steps and measures to fully complete the recall without any delay. As will be stated in the recall to NHTSA, the Nivion Charging Adapter was manufactured without, among other things, sufficient clearance between DC busbars for the high application voltage and a latching mechanism lacking (i) an electrical status switch and (ii) mitigation against dangerous live disconnect conditions.

4.      The parties waive the entry of findings of fact and conclusions of law under Fed. R. Civ. P. 52, and consents to the entry of this Stipulated Judgement of Permanent Injunction ("Stipulated Judgment") under Fed. R. Civ. P. 65 and 26 U.S.C. § 1121.

5.      Defendant submits to the jurisdiction of this Court.

4.      Defendant understands that this Stipulated Judgment constitutes the final judgment in this matter, and Defendant waives any and all rights to file an appeal from this judgment.

5.      Defendant consents to the entry of this Stipulated Judgment without further notice and agrees to be bound by its terms. Defendant further understands and agrees that the Court will retain jurisdiction over this matter for purposes of implementing and enforcing this injunction, and understands that if Defendant violates this injunction, Defendant, or anyone acting in concert with the Defendant, may be found in contempt of court and may be sanctioned and/or imprisoned.

Accordingly, in light of the foregoing, the Court hereby ORDERS that:

1) The Court has jurisdiction over the parties and the subject matter of this action, and venue is properly with the Court.

2) Plaintiff Tesla and Defendant Nivion have waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and this Stipulated Order for Permanent Injunction and Dismissal of the Action by Agreement (the "Order") makes no such findings.

3) Defendant Nivion, together with all of its respective officers, agents, servants, employees, representatives, affiliates, attorneys, and assigns, and all other persons, firms, or companies in active concert or participation with them, are

   (i) Enjoined from any false, misleading, or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of the subject the Nivion Charging Adapter (described as "Tesla/NACS to CCS1 Adapter" and advertised as product number: "_NSP01___");

   (ii) Enjoined from sale and importation of the subject Nivion Charging Adapter (described as "Tesla/NACS to CCS1 Adapter" and advertised as product number: "_NSP01___") in the United States and territories governed by U.S. law pursuant to 15 U.S. Code § 1125(b).

   (iii) Required to take all reasonable steps to effectuate the NHTSA recall of subject Nivion Charging Adapter (described as "Tesla/NACS to CCS1 Adapter" and advertised as product number: "_NSP01___") and fully cooperate with NHTSA to recall and alert purchasers consistent with federal law.

(iv) Enjoined from engaging in conduct that violates using the mark TESLA in any format, throughout the world, whether used alone or in combination with any numbers, as a trade name, trademark, or service mark, on Defendant's websites, or any other websites or Internet sites registered, accessed, operated, or controlled by Defendant, in any form of sales, advertising, marketing, promotion, product packaging, product marking, or in any other manner. This includes specifically marking any product with the mark TESLA or participating in any conduct which suggests in any way that Defendant Nivion or any of its products, parts, or services come from or are somehow sponsored by, or affiliated with Tesla or compatible with Tesla.

(v) Enjoined from unfairly competing with Tesla, falsely advertising its adapters as compatible with Tesla's Superchargers, or passing off Defendant's goods as Tesla products;

4) This Court shall retain jurisdiction over this matter and Defendant for the purpose of enforcing this Stipulated Judgment for a period of five years from date of entry.

5) This Order shall be entered without taxation of costs, damages or attorney fees to any of the parties hereto.

6) This action shall be dismissed in its entirety with prejudice with this Court retaining jurisdiction to enforce said Stipulated Permanent Injunction.

Dated:

December 5, 2024    By: _____
                         ALD (Dec 5, 2024 16:24 PST)
                         A. Louis Dorny

                         Attorney for Plaintiff
                         TESLA, INC.

Dated: December [04], 2024

                    By: _____
                         Mohammed Nadim
                         [owner]
                         For Defendant
                         N&B MOBILITY SOLUTIONS LLC d/b/a Nivion

5

STIPULATED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL
Case No. 3:24-cv-07785

## ORDER

Pursuant to stipulation of the parties as set forth above, IT IS SO ORDERED: This action shall be dismissed in its entirety with prejudice, except that this Court shall retain jurisdiction over this Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice by Agreement, and the compliance therewith for a period of five (5) years after the Stipulated Order for Permanent Injunction and Dismissal of the Action With Prejudice is entered.

DATED December 6, 2024

_____
JUDGE, U.S. DISTRICT COURT